UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>John Chain,<br>　　　　Debtor,<br><br>John Chain,<br>　　　　Movant,<br>vs.<br>Ronald V. Dell, Lisa Dell, his wife,<br>Scottdale Bank and Trust and Charles<br>Zebley, Chapter 7 Trustee, | Case No. 14-23630-GLT<br><br>Chapter 7<br><br>Adversary No. |

NOTICE OF REMOVAL

　　　　NOW comes the Defendant John Chain who files the within notice of removal pursuant to **Bankruptcy Rule Pro**. **9027(a) (3), 28 USC §§1442, 1452, 28 USC 959, and 28 USC §157.**

　　　　**1.**　　　　This is both a core matter for which this Court is authorized to exercise final jurisdiction and a noncore matter for which this Court must refer to the United States District Court for the Western District of Pennsylvania.  **28 USC §§§157(b)(2)(A) 157(b)(2)(B), 157(b)(2)(O)**

　　　　2.　　　　The Movant is John Chain, the Debtor herein.

　　　　3.　　　　On or about Monday October 16, 2017, Ronald Dell and Lisa Dell, Hereinafter the Dells, served Mr. Chain with a personal injury action for a fall down claim.  A true and correct copy of the Complaint, No. 4857 of 2017 in Common Pleas Court of Westmoreland County, is attached hereto and incorporated herein as Exhibit A.

　　　　4.　　　　From the plain language of the complaint the Dells demand damages from a personal injury lawsuit against Mr. Chain for failing to maintain his property at 218 Pittsburgh Street, Scottdale, Pennsylvania.

       5.       Also from the complaint the incident occurred on March 25, 2016.

       6.       From the Docket Mr. Chain originally filed the case as a Chapter 11, and the matter was converted to a Chapter 7 case on September 18, 2015.

       7.       This conversion created a bankruptcy estate of all of the Debtor's property.

       8.       Trustee Charles Zebley was appointed as the Chapter 7 Trustee to manage the Chapter 7 estate.

       9.       At the Meeting of Creditors on October 16, 2015 both Scottdale Bank and the Chapter 7 Trustee agreed to a carve out agreement where the Chapter 7 Trustee would manage these properties until their ultimate sale and distribution to creditors. See DD 228, 229.

       10.       As a result of the carve out agreement Mr. Chain's management of the properties was terminated and he no longer had anything to do with the properties from that point forward.

       11.       Also, due to the carve out agreement, the Chapter 7 Trustee did not abandon the Debtor's real estate assets and it continues to manage them to this day in an attempt to liquidate them for the benefit of Mr. Chain's creditors.

       12.       The actions here are core because they directly impact the administration of this Debtor's estate because if the Dells were to obtain judgment verses Mr. Chain it would create a cloud on the title of the remaining properties the Trustee holds.

       13.       The actions are also core because it impugns and calls into question the actions of the Chapter 7 Trustee while he administered the property of the Chapter 7 Estate: Did the Trustee properly inspect and maintain the property for patrons and renters during the time he controlled it?

14.     The Trustee may be sued by a party with or without leave of Court. **28 USC 959(a)**; *In RE: J&S Properties*, 545 BR 91 (Bank W.D. PA 2015)

15.     While the Debtor recognizes the limitation of the Court in its subject matter jurisdiction due to this being a personal injury action; the Debtor did not own or manage the property at the time of the fall and would claim against both the Chapter 7 Trustee and potentially Scottdale Bank and Trust for negligence.

**16.**     Because of the allegation of negligence against both Scottdale Bank and Trust and the Chapter 7 Trustee, the only place to bring suit is within the United States Bankruptcy Court for the Western District of Pennsylvania, which pursuant to Statute must refer the case to the United States District Court for the Western District of Pennsylvania. **28 USC 157(b) (5).**

17.     Removal of the lawsuit will allow all parties to expeditiously resolve the claim and removal is proper because resolution of the claim is exclusive to the Federal Court system. WHEREFORE, Debtor John Chain respectfully requests this Honorable Court remove the underlying State Court action against him and for such other relief as is necessary and appropriate under the circumstances.

Respectfully Submitted,

Date Executed: October 25, 2017      /s/David A. Colecchia PA I.D. No. 71830
David A. Colecchia, Esquire

David A. Colecchia and Associates
Law Care
324 S. Maple Ave.
Greensburg, PA 15601-3219

724-837-2320
724-837-0602

colecchia542@comcast.net