IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: )<br>)<br>**JOHN MICHAEL CHAIN**, )<br>)<br>   Debtor, ) | |
| **RONALD V. DELL** and **LISA DELL**, )<br>) | 2:17cv1592 |
|    Plaintiffs, ) | (Bankruptcy Case No. 14-23630-GLT) |
| ) | (Adversary Proceeding No. 17-02219-GLT) |
|    v. ) | **Electronic Filing** |
| )<br>**JOHN CHAIN**, )<br>)<br>   Defendant. ) | |

## **OPINION**

Plaintiffs commenced this personal injury action in Court of Common Pleas of Westmoreland County seeking redress for injuries sustained by Ronald Dell when he assertedly fell as a result of a decaying step on stairs leading to an apartment that plaintiffs occupied as tenants. The originally named defendant, John Chain, removed this action to the United States Bankruptcy Court for the Western District of Pennsylvania based on the contention that the action was "related to" his prior petition in bankruptcy court. Presently before the court is a motion to dismiss by recently joined defendant, Charles O. Zebley, Jr., who served as the bankruptcy trustee. For the reasons set forth below, the motion will be denied.

On November 30, 2017, a status conference was held before the Bankruptcy Court wherein defendant Chain inquired about adding the trustee to this action as a co-defendant. The

Bankruptcy Court did not further address this inquiry and entered a Memorandum Order on December 7, 2017, referring the action to this court as an adversary proceeding.

Plaintiff then sought clarification from the Bankruptcy Court regarding the automatic stay imposed by 11 U.S.C. § 362. The Bankruptcy Court held a hearing on March 22, 2018, and thereafter entered a memorandum order lifting the stay to permit plaintiffs to pursue their action to recover "from any available proceeds of the Debtor's liability insurance policies and not from his personal assets involved in the . . . bankruptcy action."

Following the Bankruptcy Court's lifting of the stay, plaintiffs filed with this court a motion to remand to state court on the premise that any stay had been lifted and without the trustee being named as a defendant, they were entitled to have the matter remanded. Defendant Chain filed a motion to join trustee Zebley as a defendant and sought to invoke the protections afforded by the "Barton doctrine." Plaintiffs' motion was denied "without prejudice to plaintiffs renewing [their] motion in the event the potential for joining the trustee as a defendant definitively has been eliminated from the case." Defendant Chain's motion was denied "without prejudice to plaintiffs seeking leave to amend their complaint to add the trustee as a defendant and/or debtor/defendant John Chain pursuing an action over against the trustee as permitted by Federal Rule of Civil Procedure 14."

On February 22, 2019, plaintiffs filed an amended complaint naming Zebley as a defendant. The instant motion to dismiss followed.

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." Rocks v. City of Philadelphia, 868

2

F.2d 644, 645 (3d Cir. 1989). Under the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007), dismissal of a complaint pursuant to Rule 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. Id. at 544. In other words, the allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are "'merely consistent with' a defendant's liability." Id. Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. Id. at 1949-50; see also Twombly, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005) & Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 741 (1975)); accord Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997) ("courts, when examining 12(b)(6) motions,

have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. Iqbal, 556 U.S. at 678 ("'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"); Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest the required element ... [and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Phillips, 515 F.3d at 235; see also Wilkerson v. New Media Technology Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting Phillips, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 563.

The facts read in the light most favorable to plaintiffs are as follows. Plaintiffs leased an apartment as tenants at 218 Pittsburgh Street, Scottdale, Pennsylvania. Amended Complaint at ¶¶ 6, 10. On March 25, 2016, plaintiff Ronald Dell was traversing the stairway to his apartment when his cane broke through a wooden step that had been decaying for some time. Amended Complaint at ¶¶ 11, 12. As a result, he slipped and/or otherwise lost his balance and fell down the stairway. Amended Complaint at ¶ 12. He suffered an array of injuries, including but not

limited to a closed head injury, headaches, back spasms, and bruising and pain in his right abdomen and extremities. Amended Complaint at ¶ 13.

Plaintiffs initially rented the apartment from defendant Chain. Thereafter, Chain filed a petition in bankruptcy pursuant to Chapter 11. The proceeding was converted to Chapter 7 on September 18, 2015. At that juncture, all of Chain's property was converted into a bankruptcy estate. Zebley was appointed as the Chapter 7 trustee to administer the estate.

At a meeting of creditors on October 16, 2015, the secured creditor of the building in which plaintiffs' apartment is located, Scottdale Bank, and Zebley as the Chapter 7 trustee, agreed that Zebley would manage the ongoing operations of the building until it and other property could be sold and distributed. The trustee did not abandon the interest of the debtor in this and other real estate coming into the estate and continued to manage the property in an effort to liquidate it for the benefit of the creditors. The trustee sold the property on November 10, 2016. See In re: John Michael Chain (Bkrtcy Case No. 14-23630) at Doc. No.s 194 (Meeting of Creditors to be held on 10/16/2015), 285 (October 4, 2016, Amended Motion to Sell Property Free and Clear of Liens) & 296 Order of November 10, 2016, granting 285 and Confirming Sale of Real Property Free and Clear of Liens and Encumbrances).

Against this backdrop, Defendant Zebley makes two arguments in support of dismissal. First, this court assertedly lacks subject matter jurisdiction over this action because the Barton doctrine prohibits a trustee from being sued for administrative acts without leave from the bankruptcy court, which plaintiffs did not obtain; and the exception under 28 U.S.C. § 959(a) does not apply. Second, Zebley contends that this action is barred by the statute of limitations under Pa. C.S. § 5524(2), as he was named in this action nearly a year after the limitations period had run.

Plaintiffs' response likewise is two-fold. First, they contend this court has jurisdiction because Zebley was carrying on business on the premises where and when the accident occurred, so the exception under § 959(a) applies and the Barton doctrine does not. Second, the statute of limitations purportedly does not prevent them from adding defendant Zebley to their lawsuit, as their Amended Complaint relates back to the original complaint under Rule 15(c).

Plaintiffs' Amended Complaint adequately pleads facts that plausibly establish this court's jurisdiction based on the exception to the Barton doctrine, and therefore, leave of court was not required. Under the Barton doctrine, a court lacks "jurisdiction, without leave of the court by which the receiver was appointed, to entertain a suit against him for a cause of action . . . . based on his negligence or that of his servants in the performance of their duty in respect of [the property administered by the receiver.]" Barton v. Barbour, 104 U.S. 126 (1881). Section 959(a) establishes an exception to the Barton doctrine. It provides:

> Trustees, receivers or managers of any property, including debtors in possession, **may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business** connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C. § 959(a) (emphasis added).

Carrying on business "only cover[s] acts or transactions in conducting the debtor's business in the ordinary sense of the words or in pursuing that business as an operating enterprise." Seaman Paper Co. of Massachusetts, Inc. v. Polsky, 537 F. Supp. 2d. 233, 238 (D. Mass. 2007). It does not include an operation where the business by the debtor is no longer conducted. In re Globe Bldg. Materials, Inc., 345 B.R. 619 (N.D. Ind. 2006). Thus, the business must make ongoing use of the property of the bankruptcy estate. In re Kashani, 190 B.R. 875 (9th Cir BAP 1995).

6

Courts have distinguished between the activities of the trustee in "carrying on business connected with such property" and the administration of assets, for which a trustee may not be sued. More specifically, "[a]ctions taken in the mere continuous administration of property under order of the court do not constitute an 'act' or 'transaction' in carrying on business connected with the estate under [§ 959(a)]." Muratore v. Darr, 375 F.3d 140, 144 (1st Cir. 2004). In this regard suit is not permitted against a trustee for performing tasks incident to the "consolidation, preservation, and liquidation of estate assets." Phoenician Mediterranean Villa, LLC v. Swope, 554 B.R. 747, 756 (W.D. Pa. 2016), aff'd sub nom Phoenician Mediterranean Villa, LLC v. Swope (In re J & S Props., LLC), 2017 U.S. App. LEXIS 18726 (3d Cir. Pa., Sept. 28, 2017). If tasks are necessarily incident to the administration of assets, then § 959 does not apply and leave from the appointing court is required before filing against the trustee. In re VistaCare Group, LLC, 678 F.3d 218, 227 (3d Cir. 2012).

Moreover, it has become clear that the exception to the Barton doctrine is meant to apply in precisely the type of case alleged here. Specifically, courts have recognized the exception to § 959(a) "is intended to permit actions redressing torts committed in furtherance of the debtor's business, such as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store." Hutchins v. Shatz, Schwartz and Fentin, P.C., 494 B.R. 108 (D. Mass. 2013) (citations omitted); c.f. In re Allied Sign Co, Inc., 280 B.R. 688 (Bkrtcy S.D. Ala. 2001) (holding that cataloging the progress of the debtor's financial status was a court (as opposed to a business) activity, even though the extracted information permitted the debtor to carry on its business).

Here, plaintiffs assert that defendant Zebley was negligent in maintaining the premises for the operation of the rental business, as required for the exception to the Barton doctrine to

7

apply. Plaintiffs specifically aver that while defendant Zebley was acting as the trustee, he leased, operated, owned, possessed, controlled, managed and maintained the premises where the accident occurred. The record further reflects that this carrying on of business on the premises occurred for approximately six months, including on the date of the accident. These alleged activities extend beyond the mere administration of property, or tasks incident to consolidating, preserving or liquidating the assets. They raise a sufficient inference that defendant Zebley carried on an ongoing rental business connected with the premises for nearly half a year after his appointment as trustee.

In short, plaintiffs' negligence and loss of consortium claims fit squarely within the exception to the Barton doctrine that Congress enacted. Because the exception to applies, this court has jurisdiction over this action. Consequently, defendant Zebley's motion to dismiss on this ground will be denied.

Second, plaintiffs' cause of action is not barred by the statute of limitations because their Amended Complaint relates back to their original complaint. Under 42 Pa. C.S.A. § 5524(2), the statute of limitations for a negligence claim in Pennsylvania is two years.

"The statute of limitations begins to run when the cause of action accrues." Douglas v. Joseph, 656 F. App'x 602, 605 (3d Cir. 2016) (citing Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005)). This occurs when "the plaintiff could have first maintained the action to a successful conclusion." Kapil v. Ass'n of Pa. State Coll. & Univ. Faculties, 470 A.2d 482, 485 (Pa. 1983).

With respect to the propriety of motions to dismiss based upon a limitation period having expired, the law of this jurisdiction permits a limitations defense to be raised by a Rule 12(b)(6) motion "only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" Robinson v. Johnson, 313 F.3d 128, 135 (3d

Cir. 2002) (quoting Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975) (footnote omitted)); accord Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Robinson, 313 F.3d at 135 (quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir.1978)); Schmidt, 770 F.3d at 249 (Because the applicability of the statute of limitations usually involves questions of fact for the jury, if the statutory bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal under Rule 12(b)(6)). Additionally, it is not incumbent upon the plaintiff to anticipate the limitations defense and plead all facts necessary to defeat it. Buttolph v. PrimeCare Med. Inc., 2018 U.S. App. LEXIS 26636, *3 (3d Cir. Sept. 19, 2018) (citing Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015)).

Here, the alleged incident forming the basis for plaintiffs' negligence claim—the accident, occurred on March 25, 2016. Plaintiffs filed their original complaint on September 8, 2017, which is within the two-year statute of limitations.

Zebley argues that he was not formally named in this action until February 22, 2019, approximately a year after the statute of limitations had run. However, the statutory bar is not apparent from the face of plaintiffs' Amended Complaint, as augmented by the record before the court, because it alleges/contains facts that, if assumed true, are sufficient to support a finding that the Amended Complaint relates back to the original complaint under Federal Rule of Civil Procedure 15(c)(1).

Rule 15(c)(1) provides that amendments relate back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. Pro. 15(c)(1); see also Feldman v. Am. Asset Fin., LLC, 534 B.R. 627, 637 (E.D. Pa. 2015) (Rule 15(c) is to be read in the disjunctive).

The inquiry at hand is whether the requirements for relation back under Rule 15(c)(1)(C) are met. In order for a claim to relate back under subsection (c), the requirement for Rule 15(c)(1)(B) must be present and "all three conditions specified in Rule 15(c)[(1)(C)] must be satisfied." Nelson v. County of Allegheny, 60 F.3d 1010, 1014 (3d Cir. 1995); accord Singletary v. Pa. Depart. of Corrections, 266 F.3d 186, 193 (3d Cir. 2001). Plaintiffs have satisfied these requirements.

First, plaintiffs sufficiently plead facts to establish that the Amended Complaint and original complaint arise out of the same incident. Rule 15(c)(1)(B)'s "arising out of" requirement focuses on "whether the 'amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out . . . in the original complaint,' not whether the 'legal inquiry' of both claims are identical." Feldman v. Am. Asset Fin., LLC, 534 B.R. 627, 632 (E.D. Pa. 2015). Thus, the focus is on "whether there is a 'common core of operative facts uniting the original and newly asserted claims.'" Id. (citing Mayle v. Felix, 545 U.S. 644, 659 (2005).

Here, plaintiffs' Amended Complaint arose out of the same accident that formed the basis for their original action against Chain. Ronald Dell allegedly fell due to a decaying step on the

premises on March 25, 2016, which provides the common core of operative facts. Because it is reasonable to infer that these core facts unite plaintiffs' claims against defendant Chain and Zebley, plaintiffs' complaints arose out of the same occurrence.

Second, the record sufficiently establishes that defendant Zebley received notice of the action and is not prejudiced in defending on the merits. It is well-settled that formal notice is not required. Rule 15 Notes of Advisory Committee on Rules—1966 Amendment; see also Advanced Power Systems, Inc. v. Hi-Tech Systems, Inc., 801 F. Supp. 1450, 1456 (E.D. Pa. 1992). In this regard, "notice may be actual, constructive or imputed." Hargrove v. City of Philadelphia, 1994 U.S. Dist. LEXIS 10820, *10, 1994 WL 410567 (E.D. Pa. Aug. 5, 1994) (citing Heinly v. Queen, 146 F.R.D. 102, 106 (E.D. Pa. 1993); Kinnally v. Bell of Pennsylvania, 748 F. Supp. 1136, 1141 (E.D. Pa. 1990) (holding that Rule 15(c) can be satisfied "where a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means"). Moreover, "[n]otice may be imputed to parties added after the limitations period expired 'when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced.'" Advanced Power Systems, 801 F. Supp. at 1456 (citations omitted).

Here, it appears that Zebley had both actual and imputed notice of the action. Zebley was served with notice of a status conference pertaining to the action immediately after it was removed to the Bankruptcy Court. The action involved an injury on property under his management at the time. It is therefore reasonable to infer that he received actual notice of plaintiffs' claims.

Additionally, Zebley served as trustee for defendant Chain's bankruptcy estate. This gave him control over the premises before and at the time the accident occurred. The bankruptcy court also conducted conferences and proceedings on the proper administration of the claims arising from the accident. Zebley's control of the premises and presumptive awareness of the bankruptcy court's undertakings support a reasonable inference that Zebley had imputed notice.

Third, the record contains adequate facts to establish the mistake element because Zebley and defendant Chain had a close debtor-trustee relationship. Mistake "is not limited to cases of misnamed or misdescribed parties,[but] is widely-understood to allow the addition of new parties that were never originally named or described." Heinly, 146 F.R.D. at 107. Mistake "is satisfied when the original party and the added party have a close identity of interests." Advanced Power Systems, 801 F. Supp. at 1457 (citations omitted). Thus, "courts have typically resisted a narrow reading of the mistake element and allowed the addition of responsible individual defendants when plaintiff simply made an error in legal judgment or form in suing only [one party]." Id. (citing Kinnally, 748 F. Supp. at 1136).

Here, the record contains facts to establish sufficiently that Zebley and Chain had a close relationship. Chain owned and managed the premises from the filing of his original petition through the conversion of the proceeding to Chapter 7. Zebley then took control of the premises as trustee and carried on business there, including when the alleged incident occurred. As a result, Zebley allegedly knew or should have known that the action would have been brought against him, but for an error in legal judgment in determining the proper party's identity, even if there was no misnomer. Thus, the mistake element is met.

Finally, the record includes facts showing the mistake and notice elements were satisfied within the required time period. Under Rule 15(c)(1)(C), the amending party must fulfill these

12

requirements within the time period specified by Rule 4(m)—90 days. See also Fed. R. Civ. P. Rule 15 Committee Notes on Rules—2015 Amendment (noting that "[t]he presumptive time for serving a defendant [has been] reduced from 120 days to 90 days").

Here, plaintiffs had 90 days after filing their original complaint on September 8, 2017 to fulfill these requirements, which was December 7, 2017. Zebley received actual and imputed notice no later than November 30, 2017, which is within the 90-day timeframe. Consequently, the time requirement was met.

Plaintiffs' Amended Complaint arises out of the same occurrence as the original complaint. Because Zebley had timely notice of the action before he was named, he will not be prejudiced in defending on the merits. It follows that plaintiff's amended complaint relates back to the filing of the original complaint and this action is not barred by the statute of limitations. Thus, Zebley's motion to dismiss on that ground will be denied as well.

For the reasons set forth above, defendant Zebley's motion to dismiss will be denied. An appropriate order will follow.

<u>Date: March , 2020</u>

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge

cc: Emerald N. Williams, Esquire
Michael E. Megrey, Esquire
Richard G. Talarico, Esquire
David A. Colecchia, Esquire
(Via CM/ECF Electronic Mail)

Scottdale Bank and Trust
150 Pittsburgh Street
Scottdale, PA 15683
(*Via First Class Mail*)